1  CHANG & LEE
   GRACE LEA CHANG, SB #151564
2  LI CHEN, SB #343383
   301 E. COLORADO BLVD., SUITE 325
3  PASADENA, CA 91101
   (626)557-3500 / (626)792-5888
4  (626)792-6886 FAX

5  Attorney for Plaintiff
   JESUS FLORES RIVAS
6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  JESUS FLORES RIVAS, an Individual,      Case No.:
    derivatively on behalf of GEOGENCO, LLC;
12  WESTERN PROPERTY HOLDINGS, LLC;   **VERIFIED COMPLAINT FOR DAMAGES**
    GEOGENCO USA LLC; and GEOGENCO    **DERIVATIVE CLAIMS**
13  PROJECT #501 LLC,                  1.  BREACH OF FIDUCIARY DUTY
                                       2.  FRAUD
14              Plaintiff,             3.  ABUSE OF CONTROL
                                       4.  CORPORATE WASTE
15              vs.                    5.  INSIDER TRADING
                                      **OTHER CAUSES OF ACTION**
16  THEODORE S. SUMRALL, an Individual; 6.  CONVERSION
    CHARLES SNYDER, an Individual;     7.  THEFT
17  JOHN WHEELER III, an Individual;   8.  UNJUST ENRICHMENT
    LEE RIGNEY, an Individual;         9.  ACCOUNTING
18  RALPH MORGAN, and Individual;      10. CONSTRUCTIVE TRUST
    HMFSF IP HOLDINGS LLC, a Florida   11. DECLARATORY RELIEF
19  Limited Liability Company;         12. INVOLUNTARY DISSOLUTION
    VERO GEOTHERMAL USA LLC, a         13. UNLAWFUL BUSINESS PRACTICES
20  Nevada Limited Liability Company;      [BUS. & PROF. CODE § 17200]
    and DOES 1 through 200, inclusive, **FEDERAL CIVIL RACKETEER INFLUENCE**
21                                    **AND CORRUPT ORGANIZATIONS (RICO)**
                Defendants.           **ACT VIOLATIONS**
22                                     14. CIVIL RICO - CONDUCT OF A RICO
    and                                    ENTERPRISE [18 U.S.C. § 1962(c)]
23                                     15. CIVIL RICO - TAKING CONTROL OF A.
    GEOGENCO, LLC, a Nevada Limited        RICO ENTERPRISE [18 U.S.C. § 1962(b)]
24  Liability Company; WESTERN PROPERTY 16. CIVIL RICO - CONSPIRACY TO VIOLATE
    HOLDINGS, LLC, a Wyoming Limited       § 1962(c) OF RICO [18 U.S.C. § 1962(d)]
25  Liability Company;  GEOGENCO USA  **SECURITIES CAUSES OF ACTION**
    LLC, a Nevada Limited Liability Company; 17. SALE OF SECURITIES BY UNLICENSED
26  and GEOGENCO PROJECT #501 LLC, a       BROKER-DEALER
    Nevada Limited Liability Company,  18. OFFER AND SALE OF UNQUALIFIED
27                                         NON0-EXEMPT SECURITIES
                Nominal Defendants.    19. MISREPRESENTATION AND/OR
28                                         OMMISSION OF MATERIAL FACTS

20. UNLAWFUL SALE OF SECURITIES
   [§ 5 SECURITIES ACT OF 1933]
21. UNLAWFUL FRAUDULENT SCHEME
   [§ 17 SECURITIES ACT OF 1933]

**DEMAND FOR JURY TRIAL**

Plaintiff, JESUS FLORES RIVAS, alleges:

**INTRODUCTION**

Plaintiff brings this derivative action on behalf of the shareholders of GEOGENCO LLC, WESTERN PROPERTY HOLDINGS LLC, GEOGENCO USA LLC, and GEOGENCO PROJECT #501 LLC against certain of the current and/or former officers and directors based upon the unlawful course of conduct by the these individuals towards the business entities and the subsidiary entities (collectively known as the "COMPANIES"), relating to the procurement, ownership, financing, development, construction of the power plants, sale of the power, and collection and sale of Lithium. Plaintiff makes these allegations based on the investigation of the transactions that have taken place, but not limited to an analysis of: (1) Defendants actions, (2) the COMPANIES' public filings; (3) communications, (4) the COMPANIES' Operating Agreements, (5) the COMPANIES' Shareholders, (6) the COMPANIES' corporate minutes, (7) court records, and (8) other public records.

Plaintiff also brings causes of action under California Law for Conversion, Theft, Unjust Enrichment, Accounting, Constructive Trust, Declaratory Relief, Involuntary Dissolution, and Unfair Business Practices [violation of B&P Code 17200]. Plaintiff also brings causes of action under Federal law for Federal Civil Racketeer Influence and Corrupt Organizations (RICO) Act violations and Securities Act of 1933 violations.

**THE PARTIES**

1.      Plaintiff, JESUS FLORES RIVAS (hereinafter "RIVAS"), is and was, at all relevant times herein mentioned, an individual residing in Riverside County, California.

2.      Defendant, THEODOIRE S. SUMRALL (hereinafter "SUMRALL"), is and was, at all relevant times herein mentioned, an individual who purposefully availed himself of the

jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California. SUMRALL was a co-founder of GEOGENCO LLC and its initial Chief Executive Manager and a 49.9% shareholder. SUMRALL was also the holder of patents that were commited to the geothermal energy projects planned for GEOGENCO. SUMRALL was and is currently the Chief Technology Officer of GEOGENCO LLC.

3.    Defendant, CHARLES SNYDER (hereinafter "SNYDER"), is and was, at all relevant times herein mentioned, an individual who purposefully availed himself of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California. SNYDER was and is the Chief Executive Officer of GEOGENCO LLC.

4.    Defendant, JOHN WHEELER III (hereinafter "WHEELER"), is and was, at all relevant times herein mentioned, an individual who purposefully availed himself of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California. WHEELER was and is a Project Manager of GEOGENCO LLC.

5.    Defendant, LEE RIGNEY (hereinafter "RIGNEY"), is and was, at all relevant times herein mentioned, an individual who purposefully availed himself of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

6.    Defendant, RALPH MORGAN (hereinafter "MORGAN"), is and was, at all relevant times herein mentioned, an individual who purposefully availed himself of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

7.    Defendants SUMRALL, SNYDER, WHEELER, RIGNEY, and MORGAN are hereinafter collectively known as the "Individual Defendants".

8.    Defendant, HMFSF IP HOLDINGS LLC, a Florida Limited Liability Company (hereinafter "HMFSF IP"), is and was, at all relevant times herein mentioned, a Florida Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California and is the owner of the GEOGENCO trademark, patents, and other intellectual property that were the property of the GEOGENCO. The intellectual property is comprised of things to help GEOGENCO develop a power plant at the Salton Sea near El Centro, California using geothermal energy. The plaintiff has

CHANG & LEE
ATTORNEYS

**VERIFIED COMPLAINT FOR DAMAGES**

information and belief that HMFSF IP is controlled by SUMRALL and controls the intellectual property which were the assets of the COMPANIES. Also were the assets of GEOGENCO LLC and crucial to its success as a viable geothermal power plant.

9.      Defendant, VERO GEOTHERMAL USA LLC, a Florida Limited Liability Company (hereinafter "VERO GEOTHERMAL"), is and was, at all relevant times herein mentioned, a Nevada Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California and is the developer, owner, and builder of at least one power plant located in El Centro, California, that is and was the property of the COMPANIES and was the originally owned by GEOGENCO LLC and was brought into existence through Plaintiff's concept and efforts.

10.     Nominal Defendant GEOGENCO, LLC, a Nevada Limited Liability Company, is and was, at all relevant times herein mentioned, a Nevada Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

11.     Nominal Defendant WESTERN PROPERTY HOLDINGS, LLC, a Wyoming Limited Liability Company, is and was, at all relevant times herein mentioned, a Wyoming Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

12.     Nominal Defendant GEOGENCO USA, LLC, a Nevada Limited Liability Company, is and was, at all relevant times herein mentioned, a Nevada Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

13.     Nominal Defendant GEOGENCO PROJECT #501, LLC, a Nevada Limited Liability Company, is and was, at all relevant times herein mentioned, a Nevada Limited Liability Company who purposefully availed themselves of the jurisdiction of the State of California, conducted business in the Imperial and Riverside Counties, California.

**VERIFIED COMPLAINT FOR DAMAGES**

CHANG & LEE
ATTORNEYS

14.     The nominal Defendants - GEOGENCO LLC, WESTERN PROPERTY HOLDINGS LLC, GEOGENCO USA LLC, and GEOGENCO PROJECT #501 LLC are hereinafter collectively known as the "COMPANIES".

15.     Plaintiff RIVAS is ignorant of the true names and capacities of the Defendants sued herein fictitiously as DOES 1 through 200, inclusive, therefore, sue each of these Defendants by such fictitious names. At such time as Plaintiff RIVAS ascertains the true names and capacities of each of the Doe Defendants, Plaintiff RIVAS will seek leave of the Court to amend this pleading to allege the true names and capacities of those Defendants. Plaintiff RIVAS is informed and believes and on that basis alleges that each of the Defendants sued herein as DOES 1 through 200.

16.     Plaintiff RIVAS is informed and believes, and on that basis allege, that each of the named Defendants, and DOES 1 through 200, conspired with the other Defendants to engage in the wrongful acts and omissions alleged herein and is jointly and severally liable as the principal, agent, supervisor, master, servant, employer, employee, partner, accomplice, co-conspirator and or alter/ego of each of the remaining Defendants, and was, in doing the acts hereinafter complained of, unless otherwise indicated, acting within the course and scope of his, her, or its agency, employment, partnership, venture, conspiracy, or other capacity, and each Defendant was authorized, directed, or ratified by the other Defendants.

17.     Plaintiff RIVAS is informed and believes and thereon alleges that each of the Defendants knowingly and willingly conspired and agreed among themselves to perform each of the acts alleged herein and was the co-conspirators of each of the other Defendants and in doing the act alleged herein.

18.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 200, inclusive, presently are unknown to Plaintiff, who therefore sue said Defendants but under such fictitious names. The plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 through 200, inclusive, when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants participated in some or all of the acts herein alleged, and that the damages alleged herein to have been suffered by Plaintiff was proximately caused by

such Defendants, and at all times material herein, each of the fictitiously named Defendants were the agent, servant, partner and/or employee of each of the remaining Defendants and were acting within the course, scope and purpose of said agency, service, partnership or employment.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction because the Defendants conduct business in California, including, but not limited to, the conduct here at issue, and because they have sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

20.    Venue is proper in this Court because the conduct at issue took place and has effect in the Imperial and Riverside Counties. The Individual Defendants and the Companies' principal place of business are located in Imperial and Riverside Counties at and concerned properties and assets at the Salton Sea and in El Centro, California.

21.    Plaintiff has made efforts to resolve the disputes that have arisen but any and all administrative or otherwise methods to resolve the disputes would be futile because Plaintiff RIVAS is currently no longer a majority shareholder in GEOGENCO LLC and WESTERN PROPERTY HOLDINGS LLC. Further Plaintiff RIVAS does not have access to the all the members or shareholders of the entities known as GEOGENCO USA LLC and GEOGENCO PROJECT #501 LLC.

## GENERAL ALLEGATIONS

22.    On April 12, 2021, after many requests, Plaintiff RIVAS received an email from SUMRALL with an attachment entitled Third Amended Operating Agreement for GEOGENCO PROJECT #501 LLC.

23.    Plaintiff RIVAS reviewed the Third Amended Operating Agreement which was dated November 5, 2020. The Third Amended Operating Agreement revealed that the Individual Defendants had structured a transaction and transfer of Plaintiff's shares in GEOGENCO LLC to a smaller share of GEOGENCO PROJECT #501 LLC. This transaction and transfer was completed

CHANG & LEE
ATTORNEYS

1  without Plaintiff's knowledge, consent, authorization, without compensation, and was completed

2  improperly through an operating agreement and not a buy-sell agreement for shares.

3      24.    More specifically, the operating agreement outlined the formation of GEOGENCO

4  PROJECT #501 LLC. GEOGENCO PROJECT #501 LLC ownership was 10% by GEOGENO

5  LLC and 90% by GEOGENCO USA LLC.

6      25.    Plaintiff had no knowledge of the entities known as GEOGENCO PROJECT #501

7  LLC and GEOENCO USA LLC. Why they were created. For what purpose. Who created them.

8  How Plaintiff 50.1% ownership in GEOGENCO LLC was changed.

9      26.    Plaintiff determined Individual Defendants stole the business plan, model, and

10  project from GEOGENCO LLC and RIVAS.

11      27.    This business plan, model, and project which was the brainchild of SUMRALL and

12  RIVAS. The partners plan, model, and project was to obtain the rights to geothermal energy wells

13  in the Salton Sea Known Geothermal Resource Area (KGRA), build a geothermal power plant, sell

14  the power generated by the power plants, farm Lithium simultaneously, and sell that Lithium.

15      28.    The partners needed the initial financing to obtain the necessary elements of their

16  business plan, model, project. This financing would assist them in obtaining the land leases for the

17  geothermal energy wells, negotiate agreements to sell the energy generated from the geothermal

18  power plant, obtain the financing to be able to build the geothermal energy power plant and the

19  technology.

20      29.    The parties started working on this business plan and model beginning in 2013 and

21  formed GEOGENCO LLC which was the primary entity the partners would work through to build,

22  own, operate and sell the energy generated by the geothermal energy power plant in the Salton Sea

23  KGRA. GEOGENCO LLC was formed in October 2013 in the State of Nevada. GEOGENCO LLC

24  was setup as follows: ownership split RIVAS 50.1% and SUMRALL 49.9%; SUMRALL was

25  appointed Vice President Engineering/Chief Executive Manager and RIVAS appointed Vice

26  President/Business Development Manager; voting rights split SUMRALL 50.1% and RIVAS

27  49.9%.

28

CHANG & LEE
ATTORNEYS

**VERIFIED COMPLAINT FOR DAMAGES**

30.     Next the parties formed WESTERN PROPERTY HOLDINGS LLC to hold the land leases to the geothermal wells at the Salton Sea KGRA in California. This entity was formed on November 2015 in the State of Wyoming. WESTERN PROPERTY HODLINGS LLC was setup as follows: ownership split RIVAS 50.1% and SUMRALL 49.9%; SUMRALL was appointed Vice President Engineering/Chief Executive Manager and RIVAS appointed Vice President/Business Development Manager; voting rights split SUMRALL 50.1% and RIVAS 49.9%.

31.     One of the first things completed was the negotiation of a power purchase agreement to sell the energy which would be generated from the geothermal energy power plant. RIVAS executed said Power Purchase Agreement between GEOGENCO LLC and the Imperial Irrigation District on June 17, 2015. This agreement ensured that the geothermal energy generated by GEOGENCO's power plant could generate 43,800 MWh per year which could generate over $4,000,000 per year for 30 years.

32.     The next thing completed was the land lease for the geothermal energy wells. The partners negotiated and obtained a land lease for three existing geothermal at the Salton Se KGRA identified as wells #501, #502, and #508. In addition, they had obtained the right to drill 5 additional wells and thus build a total of 8 power plants.

33.     Thereafter, the partners, primarily Plaintiff RIVAS, worked toward obtaining the financing to build the geothermal power plant and start making money. Eventually, the partners' efforts stalled to et the project to the next steps.

34.     As things progressed, Plaintiff learned that SUMRALL was a convicted in 2009 for obstruction of justice and that many of the people Plaintiff was reaching out to were refusing to work and do business with SUMRALL.

35.     Eventually, RIVAS became sick with cancer and his focus changed to making sure he got healthy.

36.     During this time the partners expressed an interest in selling the project rather than continuing forward to build the power plant. The partners attempted to list the project for sale, however shortly thereafter Plaintiff became informed that the project ownership was not as RIVAS thought and that there might be an issue.

37.     After many meetings, telephone conferences, and discussions, on April 12, 2021, SUMRALL sent to RIVAS a copy of the Third Amended Operating Agreement for an entity named GEOGENCO PROJECT #501 LLC. This amended operating agreement outlined a ownership of the partners' project in an entity named GEOGENCO PROJECT #501 LLC. It also further outlined that the ownership of the entity: GEOGENCO LLC 10% and GEOGENCO USA LLC 90%.

38.     From this point on, Plaintiff RIVAS went on a fact-finding mission to determine who, what, why and how had taken place to the GEOGENCO LLC geothermal power plant project he had spent years working on.

39.     Apparently, GEOGENCO LLC was no longer the home of the project. It was now GEOGENCO PROJECT #501 LLC. Ownership of the GEOGENCO PROJECT #501 LLC was 10% owned by GEOGENCO LLC and 90% owned by GEOGENCO USA LLC. RIVAS no longer a 50.1% of the GEOGENCO LLC geothermal power plant project at the Salton Sea KGRA.

40.     Ultimately, RIVAS has determined the Salton Sea geothermal power plant project was now owned by VERO GEOTHERMAL USA LLC and he has information and belief the power plant is under construction or almost completed.

41.     In addition, all the intellectual property including the trademark for GEOGENO is currently possessed by HMFSF IP HOLDINGS LLC.

42.     Plaintiff brings this is a derivative action on behalf of the shareholders of GEOGENCO LLC, WESTERN PROPERTY HOLDINGS LLC, GEOGENCO USA LLC, and GEOGENCO PROJECT #501 LLC and against their Directors, Officers, and the Individual Defendants for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and declaratory as well as injunctive relief. Defendant SUMRALL, a co-founder and Chief Executive Manager of GEOGENCO LLC, in concert the co-Defendants, used their control of the COMPANIES to benefit themselves to the detriment of the COMPANIES, Plaintiff, and other shareholders. Plaintiff brings claims against the Individual Defendants for their breaches of fiduciary duty and/or for aiding and abetting other Individual Defendants' breaches of fiduciary duty. The Individual Defendants' actions were substantially unfair to the COMPANIES' shareholders and have caused and continue to cause damage to the shareholders.

43.    The Individual Defendants used their control of the COMPANIES to benefit themselves to the detriment of the COMPANIES shareholders. The Individual Defendants recently abused their control of the COMPANIES to usurp millions, and possibly billions, in assets for themselves. The Individual Defendants have and will benefit from the transactions and transfers because they usurped, stole, and obtained all the assets of the COMPANIES which were the property of Plaintiff and GEOGENCO LLC. The value of the stock held by the shareholders has been eviscerated due to the Defendants' wrongdoing.

44.    The Individual Defendants will further benefit from their wrongdoing and increased control of the COMPANIES. The actions of the Individual Defendants were unfair and represented an abuse of control resulting in unfair treatment of shareholders.

45.    It is an axiomatic principle of corporate law that a wrongdoer cannot benefit from their own wrongdoing. This principle has heightened application in the context of a situation such as the present case where the Individual Defendants are directors, officers, majority and controlling shareholders who owe fiduciary duties to Plaintiff and the other shareholders. The self-interested transactions and transfers that took place by the Individual Defendants were not entirely fair to Plaintiff and the other shareholders. The Individual Defendants who ruined GEOGENCO LLC are being treated disparately, and receive unique benefits not shared by the other shareholders if the transactions and transfers are not enjoined. The transactions and transfers, if not enjoined, will further substantially dilute shareholders' ownership who did not have knowledge, consnt, or authorization to accept the grossly unfair results and despite breaching their fiduciary duties by engaging in self-dealing and mismanaging the COMPANIES. It is beyond comprehension why the Individual Defendants would be compensated millions to provide strategic guidance to the COMPANIES when their "guidance" has resulted in the virtual destruction of the COMPANIES.

46.    Through the Individual Defendants' breaches of fiduciary duty, Defendants caused substantial harm to the COMPANIES, ultimately substantially decreasing the value of the equity awards and options held by Plaintiff and other shareholders.

47.    The Individual Defendants were treated disparately. Instead of experiencing similar harm to their equity interests, the Individual Defendants engaged in self-dealing and protected their own interests to the detriment and expense of the COMPANIES and the other shareholders.

48.    As noted herein, the Individual Defendants have abused their domination and control of the COMPANIES and breached their fiduciary duty as directors, officers, and shareholders of the COMPANIES by causing harm and preferring their own interests over those of the COMPANIES' shareholders.

49.    By this action, Plaintiff seeks damages for the shareholders and the COMPANIES and seeks to enjoin the self-dealing transactions that reward the Individual Defendants with millions, and possibly billions in revenue, but offer Plaintiff and other shareholders nothing. In short, the Defendants' breaches of fiduciary duty caused a significant decrease in the value of the COMPANIES. The harm proved so devastating that the COMPANIES have little or no value.

50.    Moreover, due to the Individual Defendants' self-dealing resulted in the shareholders' ownership interest being further diluted and harming the COMPANIES.

51.    The Individual Defendants' conduct represents a continuing course of conduct and was plagued by substantial conflicts of interest.

52.    The Individual Defendants compounded the informational disparity that exists between the COMPANIES and their shareholders by failing to hold annual meetings of shareholders, failing to provide shareholders with annual reports or other financial information, and failing to pay dividends on the stock. As a director, officer, and shareholder, the Individual Defendants owe fiduciary duties to Plaintiff and other shareholders to refrain from engaging in self-dealing and to ensure that minority shareholders are treated fairly. In any transaction in which the Individual Defendants derives a personal financial benefit, their conduct is subject to the exacting entire fairness standard, pursuant to which Defendants have the burden of demonstrating entire fairness to the shareholders, including fair dealing and fair price.

53.    The Individual Defendants owe fiduciary duties to Plaintiff and the other shareholders of the COMPANIES. Because the Individual Defendants' conduct threatens irreparable harm to the shareholders, Plaintiff seeks declaratory and injunctive relief and damages.

54.    The directors, officers, and shareholders are not independent and have abdicated their fiduciary duties. Instead of complying with their fiduciary duties and protecting the COMPANIES and their shareholders, they have allowed the Individual Defendants to benefit themselves personally at the expense of the COMPANIES and shareholders. In addition to the shareholders being directly harmed, as alleged herein, the COMPANIES have also been harmed.

**NATURE OF THE ACTION**

55.    This is a shareholder derivative action seeking to remedy wrongdoings committed by Defendants and in particular the actions of Defendants THEODORE S SUMRALL, a director, officer, and shareholder, along with CHARLES SNYDER, LEE RIGNEY, JOHN WHEELER III, RALPH MORGAN, and others who have caused millions, possibly billions, of dollars in damages to Plaintiff, the COMPANIES and their shareholders.

56.    Plaintiff asserts claims under state law for Breach of Fiduciary Duty, Fraud, Gross Mismanagement, Abuse of Control, Insider Trading, Conversion, Theft, Unjust Enrichment, Accounting, Involuntary Dissolution, Unlawful Business Practices [Bus. & Prof. Code § 17200], under federal law for Federal Civil Racketeer Influence and Corrupt Organizations (RICO) Act violations and for violations of Sections 5 and 17 of the Securities Exchange Act of 1933.

57.    Plaintiff brings this action on behalf of the shareholders of the COMPANIES, and their Directors and Officers for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, gross mismanagement, abuse of control, insider trading, and declaratory as well as injunctive relief.

58.    Defendants SUMRALL, SNYDER, RIGNEY, WHEELER, MORGAN, and other directors, and officers of the COMPANIES, in concert, used their control of the COMPANIES to benefit themselves to the detriment of the COMPANIES' other shareholders, specifically Plaintiff.

59.    Plaintiff brings claims against the Defendants for their breaches of fiduciary duty and/or for aiding and abetting other Defendants' breaches of fiduciary duty. Defendants' actions are substantially unfair to the COMPANIES' shareholders and have caused and will continue to cause significant damage to the COMPANIES and their shareholders.

# FIRST CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

[Against all Defendants and Does 1 to 10]

60.     Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

61.     At all material times, the Individual Defendants owed an independent fiduciary duty to Plaintiff, in that, among other things: they were directors, officers, and shareholders of GEOGENCO LLC, WESTERN PROPERTY HOLDINGS, LLC, GEROGENCO USA LLC, and GEOGENCO PROJECT #501 LLC.

62.     By intentionally disregarding the terms of the Operating Agreements, Shareholder Agreements, and their duties to the COMPANIES, the Individual Defendants have breached the duty of care imposed by Corporations Code Section 16404(c) and to Plaintiff.

63.     Plaintiff is informed and believes, and therefore alleges, that the Individual Defendants breached their fiduciary duties to Plaintiff, by engaging in activities against the interests of the COMPANIES and benefiting themselves and injuring the COMPANIES, including but not limited to: (a) failing to compensate the COMPANIES and the shareholders; (b) taking over management without proceeding with the required formalities as outlined in the Operating Agreement; and (c) other wrongful acts that Plaintiff is currently unaware and still discovering.

64.     As a proximate result of the Individual Defendants' breach of their duty of care to Plaintiff, Plaintiff suffered damages in that he was not compensated for his shares in the COMPANIES.

65.     In doing the acts herein alleged, the Defendants acted with malice, fraud and oppression, amounting to despicable conduct in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive or exemplary damages against Defendants in an amount to be determined pursuant to law.

///

///

CHANG & LEE
ATTORNEYS

**VERIFIED COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### FRAUD

[Against all Defendants and Does 11 to 20]

66.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

67.    By entering into the Operating agreement, defendant promised, at several meetings, telephone calls, conference calls, emails, and correspondence beginning in 2013 and ongoing until April 12, 2021, when Plaintiff received a Third Amended Operating Agreement for GEOGENCO PROJECT #501 LLC. Defendant SUMRALL, his co-conspirators represented that plaintiff was a partner who shared in the ownership of the business plan and project in the company known as GEOGENCO LLC for the development and construction of a geothermal power plant in the Salton Sea KGRA and its intellectual property, assets. The partners would share in the profits and losses which were likely over $500 million, and possibly billions in revenue. The ownership share was set to be 50.1% to RIVAS and 49.9% to SUMRALL.

68.    At the time Defendant SUMRALL made the promise to plaintiff, the Individual Defendants, including SUMRALL, had no intention of performing that promise.

69.    The promises were made by the Individual Defendants with the intent to induce Plaintiff to contribute money and services to the business plan and project and to the COMPANIES from which the Individual Defendants could gain profits and benefits for themselves.

70.    Plaintiff, at the time the promise was made, and at the time plaintiff took the actions herein alleged, was ignorant of the Individual Defendants' secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered the Individual Defendants' secret intention.

71.    In reliance on the Individual Defendants' promises, plaintiff contributed time, money and effort to the business and services in management of the partnership business, with a value according to proof but not less than $5,000,000.00.  If plaintiff had known of the Individual Defendants' actual intention, plaintiff would not have taken these actions and contributed.

72.    As a proximate result of the Individual Defendants' fraud and the facts alleged in this complaint, plaintiff was induced to, and did, pay $10,000,000 on behalf of the business and contribute services to the business with a value of not less than $500,000,000. and lost profits of not less than $50,000,000.

### THIRD CAUSE OF ACTION
### ABUSE OF CONTROL

[Against all Defendants and Does 21 to 30]

73.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

74.    By virtue of their positions and financial holdings in the COMPANIES, the Individual Defendants exercised control over the COMPANIES &E and its operations, and owed duties as controlling persons to the COMPANIES not to use their positions of control for their own personal interests and contrary to the interest of the COMPANIES.

75.    The Individual Defendants' conduct amounts to an abuse of their control of the COMPANIES, in violation of their obligations to the COMPANIESs. Defendants knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted the other defendants in their abuse of control.

76.    As a result of the Individual Defendants' abuse of control, Plaintiff RIVAS has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### CORPORATE WASTE

[Against all Defendants and Does 31 to 40]

77.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

VERIFIED COMPLAINT FOR DAMAGES

Chang & Lee
ATTORNEYS

78.    As alleged in detail, the Individual Defendants had a fiduciary duty to exercise good faith and diligence in the administration of the affairs of the COMPANIES and in the use and preservation of its property and assets, and the highest obligation of fair dealings.

79.    The Individual Defendants also wasted the COMPANIES corporate assets, for example, the Individual Defendants diverted corporate assets that were specifically intended for operations and process for other improper corporate purposes, instead of using those corporate assets for their intended purpose, as represented by the COMPANIES.

80.    As a result of the Individual Defendants' actions, the COMPANIES have suffered losses and incurred substantial costs. The COMPANIES also have had to incur the substantial costs of conducting internal investigations, as well as the costs of dealing with investigations.

81.    As a result of the Individual Defendants' wrongful conduct, the COMPANIES have suffered and continue to suffer damages, all in an amount to be determined according to proof at trial.

### FIFTH CAUSE OF ACTION

### INSIDER TRADING

[Against all Defendants and Does 41 to 50]

82.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

83.    By virtue of the Operating agreement, the relationship between plaintiff and defendants was fiduciary in nature. The Individual Defendants thereby owed plaintiff the fiduciary duties of loyalty and care, and the obligation to conduct the partnership business in good faith and fair dealing. Because plaintiff's confidence in defendants' integrity caused plaintiff to entrust defendants with the authority to act for the COMPANIES, a confidential relationship existed at all times herein mentioned between plaintiff and defendant.

84.    Defendants breached their fiduciary duties to plaintiff and violated the relationship of trust and confidence by excluding plaintiff from his interest in the COMPANIES and their business and assets and by securing an advantage over plaintiff by misleading plaintiff prejudice.

85.     Plaintiff placed confidence in and relied on the Individual Defendants until April 12, 2021, when Plaintiff discovered the Individual Defendants' acts committed in breach of their fiduciary duties.  Until that date, Plaintiff had reasonably relied on the Individual Defendants in view of their relationship as partners under the GEOGENCO LLC operating agreement.

86.     As a result of the Individual Defendants' fraud as herein alleged, plaintiff has been damaged in the sum of millions, possibly billions, to be proved at trial.

87.     GEOGENCO had total assets in excess of $1,500,000,000 dollars and had a class of equity security held by Plaintiff.

88.     The Individual Defendants are liable for damages in an amount up to three times the difference between the sales price and the true market value, as well as for reasonable attorney's fees and costs under the California Corporations Code § 25502.5.

## SIXTH CAUSE OF ACTION

## CONVERSION

[Against all Defendants and Does 51 to 60]

89.     Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

90.     At all times herein mentioned, Plaintiffs were the owners of the assets and intellectual property of GEOGENCO LLC with a total value of at least $1,500,000,000 that was wrongfully acquired by the Individual Defendants, and still is, an owner, and was, and still is, entitled to the possession of the $250,000,000.

91.     As a proximate result of the Individual Defendants' conversion of the above-mentioned property, Plaintiff RIVAS suffered damage in an amount of no less than $250,000,000.

92.     Between the time of Individual Defendants' conversion of the above-mentioned property to their own use and the filing of this action, Plaintiff suffered damage in the amount of $5,000,000.

93.     In doing the acts herein alleged, the Individual Defendants acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages.

94.     Plaintiff is and was at all times herein owner of the goods (assets, intellectual property, contracts) held by the Individual Defendants, totaling $250,000,000 in value.

95.     The Individual Defendants have converted the assets for their own use and benefit.

96.     The Individual Defendants intentionally, knowingly, and fraudulently converted and misappropriated Plaintiff's assets for their own benefit.

97.     As a proximate result of the Individual Defendants' conversion of the above-mentioned property, Plaintiff suffered damages with a value according to proof but not less than $250,000,000.

### SEVENTH CAUSE OF ACTION

### THEFT

[Against all Defendants and Does 61 to 70]

98.     Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

99.     California Penal Code §484 states in the pertinent part:

"Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." [Penal Code § 484].

California Penal Code §496 states in the pertinent part:

"(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170."(c) Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the Plaintiff, costs of suit, and reasonable attorney's fees." [Penal Code § 496].

CHANG & LEE
ATTORNEYS

100.    Plaintiff is informed and believes, and thereon alleges, that the Individual Defendants knowingly and intentionally committed theft of Plaintiff's assets in an amount of at least $250,000,000. Defendants obtained Plaintiff's assets by false and fraudulent representations and pretenses, all of which are continuing.

101.    California Penal Code § 496(a) confirms that every person who receives any property that has been obtained in any manner constituting theft, or who withholds such property from its owner, shall be punished by imprisonment in a county jail. California Penal Code § 496(a) also provides a principal in the actual theft of the property may be convicted pursuant to that section.

102.    Plaintiff is informed and believes, and thereon alleges the Individual Defendants are guilty of one or more violations of California Penal Code §496(a) and should be prosecuted and imprisoned for the offenses with respect to Plaintiff's share of the assets.

103.    Furthermore, California Penal Code Section §496(c) permits the victim of a violation of California Penal Code §496(a) to pursue the perpetrators of that crime in a civil action. That statute specifically authorizes the victim to recover from the Individual Defendants an amount equal to three (3) times the amount of actual damage suffered, costs of suit and reasonable attorney fees.

104.    As a proximate result of the Individual Defendants' violation of the California Penal Code §496(a) Plaintiff has suffered actual damages in an amount exceeding $1,500,000,000.

105.    Plaintiff was required to retain legal counsel to prosecute this action and seek the recovery of damage suffered at the hands of the Individual Defendants and each of them.

106.    In doing the acts herein alleged, the Individual Defendants acted with oppression, fraud, and malice, as defined in Code of Civil Procedure §3294.

107.    The Individual Defendants' conduct is and was despicable in a willful and conscious disregard of Plaintiff's rights. As a result of this despicable conduct, Plaintiff is justified in seeking punitive damages in an amount sufficient to punish and deter future willful wrongful conduct.

**EIGHTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

[Against all Defendants and Does 71 to 80]

108.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

109.    By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of the COMPANIES.

110.    The Individual Defendants were unjustly enriched as a result of the compensation they received while breaching their fiduciary duties owed to the Company, and based on performance and financial metrics that purportedly were satisfied to justify their compensation, while the underlying illegal practices described herein were occurring.

111.    Plaintiff, as a shareholder and representative of the COMPANIES, seeks restitution from the Individual Defendants and seeks an order from this Court disgorging all profits, benefits, and other compensation obtained by the Individual Defendants from their wrongful conduct and fiduciary breaches.

112.    Plaintiff, on behalf of the COMPANIES, has no adequate remedy at law.

**NINTH CAUSE OF ACTION**

**ACCOUNTING**

[Against all Defendants and Does 81 to 90]

113.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

114.    From and after January 2014, Plaintiff paid numerous debts on account of the business and expended sums of money for the benefit of the business.  The Operating agreement provides that GEOGENCO shall share in the profits but Defendants have failed to and thus GEOGENCO has been unable to pay its debts as agreed.  As such Plaintiff is owed at least $5,000,000.

VERIFIED COMPLAINT FOR DAMAGES

CHANG & LEE
ATTORNEYS

115.    Plaintiff hereby demands an accounting.  Defendants have failed and refused and continue to fail and refuse to render an account and to pay their share of the expenditures of the partnership.

116.    Plaintiff is entitled, therefore, to reimbursement as herein alleged in a sum that is unknown to Plaintiff and cannot be ascertained without accounting.  Plaintiff is informed and believes and thereon alleges that the sum to be reimbursed, however, exceeds $5,000,000.

## TENTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST

### (Against All Defendants and DOES 91 through 100)

117.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

118.    Plaintiff is informed and believes, and thereupon alleges, Defendants, through a combination of undue influence, misrepresentations of fact and law, and/or other wrongful acts as set forth above, have converted or misappropriated for their own use and benefit the goods and monies belonging to Plaintiff.

119.    As a direct and proximate result of Defendants wrongful acts, misrepresentations and/or undue influence, as set forth above, said Defendants now hold godds or funds and other assets into which said funds and assets Defendants has converted for their own use, which funds and assets represent the proceeds of the diverted and secreted assets, which properly belong to Plaintiff and Defendants should be deemed to hold said funds, and any proceeds thereof, as constructive trustees for the benefit of Plaintiff.

## ELEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against All Defendants and DOES 101 through 110)

120.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

121.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning the rights and duties as alleged above.

122.    Plaintiffs have information and belief Defendants dispute the allegations and contentions as set forth above.

123.    Plaintiffs seeks judicial determination of their rights and duties, and a declaration that the frauds were perpetrated, and a contract existed and was breached.

124.    Judicial determination is necessary and appropriate under the circumstances so that the Plaintiff may ascertain their respective rights and duties.

## TWELFTH CAUSE OF ACTION
## INVOLUNTARY DISSOLUTION
### (Against All Defendants and DOES 111 through 120)

125.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

126.    Pursuant to California Corporation Code §17707.03(a) and (b)(5), a member of a limited liability company may bring an action for judicial dissolution of the company if those in control of the limited liability company have been guilty of, or have knowingly countenanced, persistent and pervasive fraud, mismanagement, or abuse of authority.

127.    Grounds exist for involuntary dissolution of the COMPANIES pursuant to Cal. Corp. Code §17707.03(b)(5), including the Individual Defendant secret transactions and transfers of shareholder's shares. The Individual Defendants' ultra vires transactions on behalf of the company outside the ordinary course of business; the Individual Defendants' concealment of corporate assets and their revenues; the Individual Defendants' failure to maintain or publish as required books and records; and their commingling corporate funds and use of corporate property and opportunities for the benefit of the Individual Defendants and other insiders without Plaintiff's knowledge, consent, compensation, or approval.

128.    Plaintiff prays that this Court decree a winding up and dissolution of the COMPANIES and that this Court entertain such proceedings as may be necessary and proper for

the involuntary winding up and dissolution of the COMPANIES, including an accounting of all revenues and expenses of it, and, in that regard, make such orders for winding up and dissolving it as justice and equity require, such as the appointment of both a temporary, neutral and independent, LLC manager, and a temporary, neutral and independent, property manager at the LLC's exclusive expense

## THIRTEENTH CAUSE OF ACTION

## UNFAIR AND FRAUDULENT BUSINESS PRACTICES

## IN VIOLATION OF BUS. & PROF. CODE § 17200

(Against All Defendants and DOES 121 through 130)

129.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

130.    Business and Profession Code §17200 prohibits "Any unlawful, unfair or fraudulent business act or practice."

131.    Defendants committed and continued to commit unlawful and unfair business practices as described in this complaint.

132.    Plaintiff suffered and continues to suffer "injuries in fact" as a result of these unlawful, unfair and fraudulent business practices. Defendants' unfair and fraudulent business practices have also injured Plaintiff.

133.    Plaintiff RIVAS is informed and believes and, on that basis, alleges by engaging in the unfair and fraudulent business practices complained of in this complaint, Defendants were able to lower their costs to operate and maintain the premises and thereby obtain a competitive advantage over law abiding property and business owners with whom they compete.

134.    Defendants' business operations were subject to California Business and Profession Code §§17000 et. seq., however, they failed to properly maintain their premises and operate the property as required by applicable California law as alleged above.

135.    Defendants violated the Business and Professions Code §17200, et. seq. by committing acts as alleged above, thus giving them a competitive advantage over other property owners and businesses who are and were competitors of Defendants.

136.    As a direct and proximate result of Defendants' violations of applicable state and local laws the Plaintiff's rights were violated and Plaintiff incurred damages.  Plaintiff is still determining the full extent of the damage and will seek to amend the complaint when the full amount is determined according to proof.

137.    Plaintiff is informed and believes Defendants are aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the laws of the State of California, but willfully, knowingly and intentionally failed to properly operate and maintain their premises as required.

138.    To prevent Defendants from profiting or benefiting from their wrongful and illegal acts and continuing those illegal acts, an order requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiffs from whom they were unlawfully taken.

139.    Pursuant to the Business and Professions Code § 17203 Plaintiff is entitled to injunctive relief against Defendants continued unlawful, unfair and deceptive business practices described in the complaint.

140.    Plaintiff RIVAS has assumed the responsibility of enforcing the laws and lawful claims outlined in this complaint.  There is a financial burden incurred in pursuing this action that is in the public interest.  Therefore, attorneys' fees are appropriate pursuant to CCP § 1021.5.

**FOURTEENTH CAUSE OF ACTION**

**Federal Civil RICO Violations - Conduct of a RICO Enterprise, 18 U.S.C. § 1962(c)**

(Against All Defendants and DOES 131 through 140)

141.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

**VERIFIED COMPLAINT FOR DAMAGES**

CHANG & LEE
ATTORNEYS

142.    At all relevant times, the Individual Defendants (also known as the "RICO Defendants") are each "person[s]" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

143.    RICO Defendants each violated 18 U.S.C. § 1962(c) by the acts described in the paragraphs below.

144.    At all relevant times, GEOGENCO LLC constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, GEOGENCO LLC was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all relevant times, the RICO Defendants held a position in GEOGENCO LLC as well as participated in the operation, management, and directed the affairs of GEOGENCO LLC. GEOGENCO LLC, as alleged herein, was not limited to RICO Defendants' predicate acts and has activities extending beyond RICO Defendants' racketeering activity. GEOGENCO LLC exists separately and apart from the pattern of racketeering activity. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity related to GEOGENCO LLC.

145.    At all relevant times, the GEOGENCO PROJECT #501 LLC constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, GEOGENCO PROJECT #501 LLC was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all relevant times, RICO Defendants held a position in or were otherwise affiliated with the GEOGENCO PROJECT #501 LLC as well as participated in the operation, management, and directed the affairs of GEOGENCO PROJECT #501 LLC. GEOGENCO PROJECT #501 LLC, as alleged herein, was not limited to RICO Defendants' predicate acts and has activities extending beyond RICO Defendants' racketeering activity. GEOGENCO PROJECT #501 LLC exists separate and apart from the pattern of racketeering activity for the legitimate governmental business purpose of operating as GEOGENCO LLC. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity related to GEOGENCO LLC.

146.    At all relevant times, GEOGENCO USA LLC constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, GEOGENCO USA LLC was

**VERIFIED COMPLAINT FOR DAMAGES**

engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all relevant times, RICO Defendants held a position in or were otherwise affiliated with GEOGENCO USA LLC as well as participated in the operation and management, and directed the affairs of GEOGENCO USA LLC. GEOGENCO USA LLC, as alleged herein, was not limited to RICO Defendants' predicate acts and has activities extending beyond RICO Defendants' racketeering activity. GEOGENCO USA LLC exists separate and apart from the pattern of racketeering activity for the legitimate governmental business purpose of operating as GEOGENCO LLC. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity related to NITC

147.    At all relevant times, WESTERN PROPERTY HOLDINGS LLC constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, WESTERN PROPERTY HOLDINGS LLC was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all relevant times, RICO Defendants held a position in or were otherwise affiliated with WESTERN PROPERTY HOLDINGS LLC as well as participated in the operation, management, and directed the affairs of WESTERN PROPERTY HOLDINGS LLC. WESTERN PROPERTY HOLDINGS LLC, as alleged herein, was not limited to RICO Defendants' predicate acts and has business extending beyond RICO Defendants' racketeering activity. WESTERN PROPERTY HOLDINGS LLC exists separate and apart from the pattern of racketeering activity for the legitimate governmental business purposes. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity.

**PATTERN OF RACKETEERING ACTIVITY.**

148.    RICO Defendants, each of whom are persons associated with, or employed by, the GEOGENCO LLC, WESTERN PROPERTY HOLDINGS LLC, GEOGENCO USA LLC, and GEOGENCO PROJECT #501 LLC, did knowingly, willfully, and unlawfully conduct or participate, directly or indirectly, in the conduct, management, or operation of the affairs of the the COMPANIES through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(c), through multiple instances of Mail Fraud and Wire Fraud, in

violation of 18 U.S.C. §§ 1341 and 1343, and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

149.    Use of the Mails and Wires to Defraud, in violation of 18 U.S.C. §§ 1341 and 1343.

150.    RICO Defendants devised or intended to devise a scheme to defraud Plaintiff of money, property, and other tribal, state, and federal benefits of monetary value by depriving Plaintiff of his assets and shares by means of false or fraudulent pretenses and representations.

151.    For the purposes of executing their scheme, RICO Defendants delivered or caused delivery of various documents and things by the U.S. mails or by private or commercial interstate carriers or received such therefrom. For the purposes of executing their scheme, RICO Defendants transmitted or caused them to be transmitted by means of wire communications in interstate or foreign commerce various writings, signs, and signals.

152.    In furtherance of their scheme, RICO Defendants used the wires and/or U.S. mails or private or commercial carriers to delivery documents and things to Plaintiff or the Enterprises for the purposes of defrauding Plaintiffs, including, but not limited to the following:

    a.   Emails and website postings incorporating false, fraudulent and misleading statements regarding: the COMPANIES; the purported dilution of Plaintiff's shares; Plaintiffs ownership of shares, assets, and property; directions, instructions and actions taken to deprive Plaintiff of money and property, under state and federal law.

    b.   Wirings and/or mailings between and among RICO Defendants concerning: the scheme to defraud Plaintiff of money, assets, and property.

    c.   Funds transferred between the Defendants with the intent that those funds be used to promote the carrying on of Defendants' scheme to defraud Plaintiffs of money and property;

    d.   Electronic filing and service of court papers containing false and misleading statements intended to further Defendants' scheme to defraud money and property.

153.    The RICO Defendants used wire and mail communications in furtherance of their scheme to defraud Plaintiffs, in violation of 18 U.S.C. §§ 1341 and 1343.

154.    RICO Defendants used the wires and mails in interstate commerce with intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity.

155.    RICO Defendants racketeering activities were multiple, continuous, and ongoing from 2013, and remain ongoing.

CHANG & LEE
ATTORNEYS

156.    RICO Defendants participated in the scheme or artifice knowingly, willfully, and with the specific intent to advance their scheme to deceive or defraud Plaintiffs. RICO Defendants knowingly and intentionally prepared documents, including but not limited to resolutions, court papers, letters, notices, and other documents, and then knowingly and with the intent to deceive Plaintiffs, caused those documents to be sent to Plaintiffs or entities that would further RICO Defendants' scheme to defraud.

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C § 1956(a)(1)(A)(i).**

157.    RICO Defendants have, on multiple occasions, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducted or attempt to conduct a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity, including, but not limited to, violations of 18 U.S.C. §§ 1341 and 1343. RICO Defendants have, therefore, violated 18 U.S.C § 1956(a)(1)(A)(i). Summary.

158.    Each RICO Defendant has engaged in multiple predicate acts, as described above. The conduct of each RICO Defendant described above constitutes a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

159.    RICO Defendants' violations of federal law as set forth herein, each of which directly and proximately injured Plaintiffs, constitutes a continuous course of conduct, which was intended to defraud Plaintiffs of money and property through false representations, fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of racketeering activity as defined by 18 U.S.C. §§ 1961(1) and (5).

160.    Plaintiff was injured in their money and property by reason of RICO Defendants' violation of 18 U.S.C. § 1962(c). 105. RICO Defendants' injuries to Plaintiffs were a direct, proximate, and reasonably foreseeable result of their violation of 18 U.S.C. § 1962. Plaintiffs are the ultimate victims of RICO Defendants' unlawful enterprises. Plaintiffs have been and will continue to be injured in their money and property in an amount to be determined at trial.

161.    Pursuant to 18 U.S.C. § 1962(c), Plaintiffs are entitled to recover treble damages plus costs and attorneys' fees from RICO Defendants as well as other relief authorized by statute.

**FIFTEENTH CAUSE OF ACTION:**

**Federal Civil Rico Violations - Taking Control of an Enterprise, 18 U.S.C. § 1962(b)**

(Against All Defendants and DOES 141 through 150)

162.     Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

163.     At all relevant times, RICO Defendants each were "person[s]" pursuant to 18 U.S.C. §§ 1961(3) and 1962(d).

164.     At all relevant times, the COMPANIES constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, the COMPANIES were engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all times relevant hereto, RICO Defendants each held a position in or were otherwise affiliated with the Tribe as well as participated in the operation, management, and directed the affairs of the COMPANIES. The COMPANIES, as alleged herein, was not limited to RICO Defendants' predicate acts and has activities extending beyond RICO Defendants' racketeering activity. The COMPANIES exist separately and apart from the pattern of racketeering activity. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity related to the COMPANIES.

165.     Through a pattern of racketeering activity alleged herein, including without limitation the RICO Defendants' violations of 18 U.S.C. §§ 1341 and 1343, RICO Defendants took control of the COMPANIES.

166.     By controlling the COMPANIES, RICO Defendants were able to cause these Enterprises to take actions to defraud Plaintiffs of money, property, and benefits of monetary value.

167.     As a direct and proximate result of RICO Defendants' taking control of the COMPANIES, in violation of 18 U.S.C. § 1962, Plaintiffs were injured in their monies, property, and benefits of monetary value.

168.     Pursuant to 18 U.S.C. § 1962(c), Plaintiffs are entitled to recover treble damages plus costs and attorneys' fees from RICO Defendants as well as any other relief authorized by statute.

**SIXTEENTH CAUSE OF ACTION:**

**Federal Civil Rico Violations - Conspiracy to Violate § 1962(c) of RICO, 18 U.S.C. § 1962(d)**

(Against All Defendants and DOES 151 through 160)

169.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

170.    At all relevant times, RICO Defendants each were "person[s]" pursuant to 18 U.S.C. §§ 1961(3) and 1962(d).

171.    At all relevant times, the COMPANIES constitutes an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, the COMPANIES were engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c). At all times relevant hereto, RICO Defendants each held a position in or were otherwise affiliated with the Tribe as well as participated in the operation, management, and directed the affairs of the COMPANIES. The COMPANIES, as alleged herein, was not limited to RICO Defendants' predicate acts and has activities extending beyond RICO Defendants' racketeering activity. The COMPANIES exists separately and apart from the pattern of racketeering activity. RICO Defendants have had and do have legitimate governmental business plans outside the pattern of racketeering activity related to the COMPANIES.

172.    RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. § 1962(c) as described above, in violation of 18 U.S.C. § 1962(d).

173.    The conspiracy commenced at least as early as 2013 and remains ongoing.

174.    The conspiracy's purpose was to defraud Plaintiff of money, property, and benefits of monetary value by fraudulently depriving Plaintiff.

175.    Each RICO Defendant committed at least one overt act in furtherance of suc conspiracy. These acts in furtherance of the conspiracy as outlined above.

176.     RICO Defendants knew that they were engaged in a conspiracy to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity, and the participation and agreement of each of RICO Defendants was necessary to allow the commission of

CHANG & LEE
ATTORNEYS

1    this pattern of racketeering activity. RICO Defendants' conduct constitutes a conspiracy to violate

2    18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

3          177.    Each RICO Defendant knew about and agreed to facilitate the scheme to defraud

4    Plaintiffs of their money, property, and other tribal, state and federal benefits of monetary value by

5    fraudulently depriving them of the COMPANIES. It was part of the conspiracy that RICO

6    Defendants would commit a pattern of racketeering activity in the conduct of the affairs of the

7    COMPANIES, including the acts of racketeering set forth above.

8          178.    As a direct and proximate result of RICO Defendants' conspiracy, the acts of

9    racketeering activity of the Enterprises, the overt acts taken in furtherance of that conspiracy, and

10    violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their money and property, in an

11    amount to be determined at trial.

12          179.    Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover treble damages

13    plus costs and attorneys' fees from Defendants as well as any other relief authorized by statute.

14

15                             **SEVENTEENTH CAUSE OF ACTION:**

16                       **Sale of Securities by Unlicensed Broker-Dealer**

17                           **Under Cal. Corp § 25501.5 et seq**

18                   (Against All Defendants and DOES 161 through 170)

19          180.    Plaintiff realleges and incorporates by reference each and every allegation in each

20    and every paragraph as though fully set forth herein.

21          181.    Under California Corporations Code § 25210, no individual "shall effect any

22    transaction in, or induce or attempt to induce the… sale of, any security in this state unless the

23    individual has first applied for and secured from the commissioner a certificate, then in effect,

24    authorizing that person to act in that capacity."

25          182.    At the time of the solicitation, offer, and sale of the COMPANIES' shares, the

26    Individual Defendants were not licensed as a securities broker-dealer(s) as required by Part 3 of the

27    Corporations Code, § 25200, et seq.

28

1    183.    Plaintiff RIVAS seeks to rescinds and get back the securities transferred by the

2    Individual Defendants, as provided in Corporations Code § 25501.5.

3    184.    The Individual Defendants are liable to restore and return to Plaintiff, and Plaintiff

4    hereby seek and apply for restitution of securities the COMPANIES, in the unknown sum together

5    with interest at the legal rate.

6    185.    Plaintiff RIVAS further seeks recovery of additional damages according to proof

7    under Corporations Code § 25501.5, including other compensatory and consequential damages.

8    186.    Plaintiff is further entitled to recoveries and other relief pursuant to California Code

9    of Civil Procedure § 1029.8 due to the injury, loss and damages caused to Plaintiff by Defendants,

10   who are unlicensed people who solicited, purported to provide advice to Plaintiff and who

11   conducted and directed the offer and sales of securities to and from Plaintiff.

12   187.    By virtue of Defendants' failure to be licensed in the foregoing transactions and

13   activities as legally required, Plaintiff, accordingly, are entitled to recover from Defendants, under

14   Code of Civil Procedure § 1029.8(a), without limitation of Plaintiff's other remedies, additional

15   damages for treble damages not to exceed $1,500,000,000 under § 1029.8(c).

16   188.    Plaintiff further pray, under Code of Civil Procedure Section 1029.8(a), for recovery

17   of Plaintiff's costs and attorneys' fees in this action and if Plaintiff prevails herein. Plaintiff

18   respectfully contend that such an award would be a proper exercise of this Court's discretion

19   pursuant to the foregoing statute.

20

21   **EIGHTEENTH CAUSE OF ACTION**

22   **Offer and Sale of Unqualified, Non-Exempt Securities**

23   **[Violation of Cal. Corp. §§ 25503, 25504, 25504.1, & 25110 et seq]**

24   (Against All Defendants and DOES 171 through 180)

25   189.    Plaintiff realleges and incorporates by reference each and every allegation in each

26   and every paragraph as though fully set forth herein.

27   190.    The Individual Defendants solicited, offered and sold securities in the COMPANIES

28   without qualifying said securities for sale in California, including as an issuer transaction as

1    required by Corporations Code § 25110, et seq., and in the offer and sale of securities to the

2    Plaintiff.

3        191.    The Individual Defendants held no securities licensees, was not registered with the

4    Department of Financial Protection & Innovation ("DFPI") or the U.S. Securities and Exchange

5    Commission.

6        192.    The Individual Defendants offer and sales of securities in the COMPANIES were

7    not exempt from qualification under Corporations Code § 25110, or other provisions of the

8    California Securities Laws.

9        193.    The Individual Defendants' offers and sales were not exempt as Defendant failed to

10   conduct any of the proper procedures to qualify for any of the security transactions. The Individual

11   Defendants did not qualify via coordination, by permit, or by notice via notice limited offering

12   exemption from the Department of Financial Protection & Innovation.

13       194.    The Individual Defendants' offers and sales for subsequent capital investments from

14   Plaintiff were also not exempt for similar reasons.

15       195.    By the foregoing, the Individual Defendants have violated Corporations Code §

16   25110, thereby entitling Plaintiff to recover damages and other relief, including under Corporations

17   Code §§ 25503 and 25504.1.

18       196.    Plaintiff prays for damages pursuant to Corporations Code §§ 25503 and 25504.1,

19   including the sum of their entire investment by Plaintiff for the securities purchased in the

20   COMPANIES, together with interest accruing at the legal rate.

21       197.    Plaintiffs also pray for recovery of such other damages as may be proven and

22   recoverable under Corporations Code §§ 25503 and 25504.1, including attorneys' fees and costs, as

23   well as other compensatory and consequential damages and punitive and exemplary damages.

24       198.    Alternatively, or in combination, as authorized by applicable provisions of the CSL,

25   including in Corporations Code § 25000, et seq., Plaintiff RIVAS seeks and applies for rescission

26   of the securities transactions alleged and for restitution of the entire principal sum paid by Plaintiff,

27   with interest at the legal rate, and other damages according to proof.

28

CHANG & LEE
ATTORNEYS

33

**VERIFIED COMPLAINT FOR DAMAGES**

**NINETEENTH CAUSE OF ACTION**

**Offer Misrepresentations and/or Omissions of Material Facts**

**[Violation of Cal. Corp. §§ 25401, 25403, 25404 Et Seq.]**

(Against All Defendants and DOES 181 through 190)

199.    Plaintiff realleges and incorporates by reference each and every allegation in each and every paragraph as though fully set forth herein.

200.    California Corporations Code § 25401 makes it unlawful "for any person to offer or sell a security" by means of untrue statements or omissions of material facts, where the seller was aware, or was negligent in failing to be aware, that his representations were misleading.

201.    The Individual Defendants solicited and sold membership interests the COMPANIES based upon misrepresentations and omissions of material facts, false promises, and omissions, as alleged in this Complaint.

202.    The Individual Defendants, through their words and conduct, initially represented himself as an issuer of Securities. The Individual Defendants transferred and sold interests in the COMPANIES. The Individual Defendants represented that the purpose of this transaction and any future investments would be to raise capital to build and operate the geothermal power plant and not for their personal profit. As such, the Individual Defendants violated Section 25401.

203.    The Individual Defendants were aware they made false and misleading statements, were negligent in failing to be aware, and were made without exercising reasonable care to determine the truth or falsity of the statements.

204.    Section 2504.1 of the California Corporations Code provides that any person who "materially assists" in a violation of section 25401 of that Code, with intent to induce a person to rely on a knowing misrepresentation or omission, is jointly and severally liable with any other person liable for a violation of section 25401 of that Code. This joint and several liability extends to aiders and abettors even though they were not involved in the actual sale of securities. See *Moss v. Kroner* (2011) 197 CA.4th 860, 875-879.

205.    The Individual Defendants, by the conduct alleged above, materially assisted in selling the securities at issue by false and misleading statements and false promises, including those

1 alleged above. When they did so, they intended to induce Plaintiffs to rely on representations
2 known to be false or misleading.

3      206.    In addition, California Corporation Code § 25504 provides that: "Every person who
4 directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm
5 so liable, every principal executive officer or director of a corporation so liable, every person
6 occupying a similar status or performing similar functions, every employee of a person so liable
7 who materially aids in the act or transaction constituting the violation... are also liable jointly and
8 severally with and to the same extent as such person, unless the other person who is so liable had
9 no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which
10 the liability is alleged to exist."

11      207.    The Individual Defendants controlled the seller of the investment interests and thus
12 they are also liable under Sections 25501 or 25503 above.

13      208.    As a proximate and foreseeable result, Plaintiff has suffered damages, including loss
14 of their investments.

15

16 **TWENTIETH CAUSE OF ACTION**

17 **Unlawful Sale of Securities under § 5 of the Securities Act of 1933**

18 (Against All Defendants and DOES 191 through 195)

19      209.    Plaintiff realleges and incorporates by reference each and every allegation in each
20 and every paragraph as though fully set forth herein.

21      210.    By engaging in the conduct described above, Defendants, directly or indirectly,
22 singly and in concert: (i) made use of the means or instruments of transportation or communication
23 in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus
24 or otherwise; (ii) carried securities or caused such securities to be carried through the mails or the
25 interstate commerce, by any means or instruments of transportation, for the purpose of sale or for
26 delivery after sale; and/or (iii) made use of the means or instruments of transportation or
27 communication in interstate commerce or of the mails offer to sell or offer to buy securities,
28 through the use or medium of any prospectus or otherwise.

211.    No registration statement was filed or was in effect with the Securities Exchange
Commission ("SEC") pursuant to the Securities Act, and no exemption from registration exists
with respect to the offering and sale of securities to the Plaintiffs.

212.    By reason of the foregoing, Defendants violated Section 5 of the Securities and
Exchange Act.

## TWENTY-FIRST CAUSE OF ACTION

### Unlawful Sale of Securities under § 17 of the Securities Act of 1933

(Against All Defendants and DOES 196 through 200)

213.    Plaintiff realleges and incorporates by reference each and every allegation in each
and every paragraph as though fully set forth herein.

214.    In the offer and sale of securities, Defendants employed devices, schemes, and
artifices to defraud the Plaintiffs.

215.    In the offer and sale of securities to the Plaintiff, as described in detail herein,
Defendants engaged in transactions, practice or a course of business which operated as a fraud and
deceit on the Plaintiff.

216.    Defendants are therefore liable under Section 17 of the Securities Act

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the COMPANIES, prays for the following
judgment and relief:

1.    For damages in the sum of at least $50,000,000.00;

2.    For interest on the sum of $5,000,000.00;

3.    For declaratory and injunctive relief;

4.    For punitive and exemplary damages;

5.    For Attorney's fees according to proof but not less than $50,000;

6.    A complete accounting of the Defendants and the COMPANIES;

7.    A dissolution of all entities (the COIMPANIES);

1    8.    An order enjoining, preliminarily and permanently, Defendants from any further activities

2          in furtherance of the business plan, model, project, and further transactions with regard to

3          the geothermal power plant at the Salton Sea KGRA with wells #501, #502, and #508;

4    9.    Awarding Plaintiff, the costs and disbursements of this action, including a reasonable

5          allowance for the fees and expenses of attorneys and experts;

6    10.   Granting Plaintiff such other and further relief as may be just and proper;

7    11.   For costs of suit herein incurred; and

8    12.   For such other and further relief as the court may deem proper.

9

10                                   CHANG & LEE

11

12   Date:   April 10, 2025          By_____
                                        Grace Lea Chang, Attorney for
13                                      Plaintiff, Jesus Flores Rivas

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, JESUS FLORES RIVAS, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April ⟨10⟩, 2025

Jesus Flores Rivas

VERIFIED COMPLAINT FOR DAMAGES

CHANG & LEE
ATTORNEYS