CHANG & LEE
GRACE LEA CHANG, SB #151564
LI CHEN, SB #343383
301 E. COLORADO BLVD., SUITE 325
PASADENA, CA 91101
(626)557-3500 / (626)792-5888
(626)792-6886 FAX

Attorney for Plaintiff
JESUS FLORES RIVAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS FLORES RIVAS, an Individual, derivatively on behalf of GEOGENCO, LLC; WESTERN PROPERTY HOLDINGS, LLC; GEOGENCO USA LLC; and GEOGENCO PROJECT #501 LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>THEODORE S. SUMRALL, an Individual; CHARLES SNYDER, an Individual; JOHN WHEELER III, an Individual; LEE RIGNEY, an Individual; RALPH MORGAN, and Individual; HMFSF IP HOLDINGS LLC, a Florida Limited Liability Company; VERO GEOTHERMAL USA LLC, a Nevada Limited Liability Company; and DOES 1 through 200, inclusive,<br><br>            Defendants.<br><br>and<br><br>GEOGENCO, LLC, a Nevada Limited Liability Company; WESTERN PROPERTY HOLDINGS, LLC, a Wyoming Limited Liability Company;  GEOGENCO USA LLC, a Nevada Limited Liability Company; and GEOGENCO PROJECT #501 LLC, a Nevada Limited Liability Company,<br><br>            Nominal Defendants. | Case No.: 5:25-CV-00886-JGB-SP<br><br>**PLAINTIFF'S 26(F) REPORT**<br><br>Date:      October 20, 2025<br>Time:     11:00 a.m.<br>Location: Courtroom 1<br>Judge:   Honorable Jesus Bernal. |

**TO ALL PARTIE AND THEIR COUNSEL OF RECORDS:**

Plaintiff JESUS FLORES RIVAS, hereby submit a status report pursuant to Federal Rules of Civil Procedure 26(f) as follows:

**A. STATEMENT OF THE CASE:**

Plaintiff brings this action on behalf of the shareholders of Geogenco LLC, Western Property Holdings LLC, Geogenco USA LLC, and Geogenco Project #501 against former officers and directors based upon the unlawful course of conduct by Defendants towards the business entities and the subsidiary entities, relating to the procurement, ownership, financing, development, construction of the power plants and sale of the power.

On June 15, 2015, Gengenco LLC was formed in the State of Nevada. Gengenco LLC was set up as accordingly: ownership to be Plaintiff Rivas 50.1%, and Defendant SUMRALL 49.9%. Initially Defendant SUMRALL was appointed Vice President Engineering/Chief Executive Manager and RIVAs appointed Vice President/Business Development Manager, the voting rights split as SUMRALL 50.1% and RIVAS 49.9%.

Plaintiff obtained his interests in Geogenco LLC by contributing time, efforts, an expenses to negotiate the purchase of power sites/wells, obtaining funds/loans for purchasing the power sites/well, negotiating the lease of the power sites/wells with the landowners for three existing geothermal sites/wells at the Salton See KGRA identified as wells #501, #502 and #508.

In order to obtain loan approval from the California Infrastructure Fund, the California Infrastructure Fund required an individual who had knowledge and experience regarding power plants to serve as the Chief Executive Officer of Geogenco LLC. Neither RIVAS nor SUMRALL were qualified.

In addition, Plaintiff learned that SUMRALL had been convicted in 2009 for obstruction of justice and that many of the individuals contacted by Plaintiff was reluctant to work with or di business with SUMRALL. Based on these issues, RIVAS and SUMRALL agreed to appoint James Mcintosh to be the Chief Executive Officer of Gengenco LLC. This complied with the requirement to have a third party with knowledge and experience regarding power plants be the Chief Executive Officer.

On December 3, 2015, the partners agreed to form Geogenco Project #501, LLC and to have this company build, own, and operate a power plant for the single power sites/wells for #501 only.

As things progressed, because the parties were having difficulty raising the funds to build the power plant and because Plaintiff became sick with cancer, Plaintiff suggested the parties shift their focus from building the power plants to focus on his health and possibly selling the power plant project. With this in mind the partners attempted to list the project for sale and retained a broker, Michael Vallone to facilitate the sale.

On April 9, 2021, the partners had a conference call with the broker discussing the sale of the power plant project. During this conference call Plaintiff became informed that the broker determined Plaintiff's interest in Geogenco LLC had been transferred to Geogenco USA, LLC. A few days later Plaintiff learned that his interest was transferred by SUMRALL on November 5, 2020 without Plaintiff's knowledge or consent. Plaintiff believes Defendants transferred Plaintiff's interest in Geogenco LLC to the Geogenco USA LLC improperly without Plaintiff's knowledge and consent.

Plaintiff agreed that the intellectual property owned by Geogenco LLC including the trademark was supposed to be owned by Geogenco LLC. However, Plaintiff has now learned the intellectual property is currently owned by HMFSF IP Holdings LLC. The parties did not agree to have HMFSF IP Holdings LLC own the intellectual property. Plaintiff believes HMFSFP IP Holdings LLC to be owned wholly by SUMRALL, instead of Geogenco LLC.

Plaintiff alleges Defendants made fraudulent transactions transferring Plaintiff's interest to different various business entities without Plaintiff's consent and knowledge. The individual Defendants also have breached their fiduciary duties to the shareholders in their actions and abused their powers as directors and officers of the companies.

As a result, Plaintiff suffered and continues to suffer damages including but not limited to loss shares, income, revenue, decrease in value, dilution of shares, and loss of interest in the intellectual property and companies.

**B. SUBJECT MATTER JURISDICTION**

The Court retains subject matter jurisdiction over this case because Plaintiff seeks damages under the Federal Civil Racketeer Influence and Corrupt Organization (RICO) Act and for violations of the Securities Act of 1933. Plaintiff's case all sufficiently seek the minimum amount in controversy of over $75,000.

**C. LEGAL ISSUES**

Plaintiff contends the key legal issues will be whether Defendants wrongfully and fraudulently breached their fiduciary duty in illegally and improperly obtaining the assets of Geogenco LLC and plaintiff.

**D. PARTIES, EVIDENCE, ETC.:**

Defendants propose to disclose witnesses and evidence pursuant to Rule 26(c) on or before December 17, 2025.

**E. DAMAGES:**

Plaintiff contends his damages were result of Defendants' wrongdoing, including but not limited to illegally and improperly steaking his property including intellectual property, shares, revenue, decreased value of the companies, dilution of the Plaintiff's interests in the companies.

**F. INSURANCE:**

Plaintiff is unaware there is any applicable insurance coverage for these claims.

**G. MOTIONS:**

Plaintiff will file a Motion for Publication of Defendants Theodore Sumrall and Charles Snyder because they are actively avoiding service. Plaintiff is filing a declaration of reasonable diligence concurrently with this report. The declaration shows Plaintiff extensive efforts to serve Defendant SUMRALL and SNYDER, however unsuccessfully.

**H. Manual for Complex Litigation:**

Plaintiff does not believe the procedures of the Manual for Complex Litigation are applicable to this matter.

**I. Discovery Plan:**

Plaintiff requests the Court authorize the number of interrogatories to be increased to at least 50 and the number of requests for admission also be increased to at least 50.

Plaintiff is preparing and propounding requests for production of documents, requests for admissions and interrogatories to the Defendants that have appeared. Plaintiff will engage in additional written discovery, issue subpoenas, and will notice depositions. The discovery will cover issues regarding the causes of actions in the Complaint.

**J. DISCOVERY CUT-OFF DATE:**

Defendants propose **October 1, 2027** for the fact discovery cut-off date.

**K. EXPERT DISCOVERY:**

Plaintiff proposes **October 1, 2026** for initial expert disclosure regarding experts. Plaintiff proposes the expert discovery cut off to be scheduled ninety (90) days prior to the trial date.

**L. DISPOSITIVE MOTIONS:**

Defendants believe they will be able to file Motion for Summary Judgment or Summary Adjudication as to several of the defendants.

**M. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR):**

Plaintiff is willing to participate in a mediation before the magistrate judge and through private mediators.

N. **TRIAL ESTIMATE:**

Due to the number of parties, number of causes of action and the number of issues present, Plaintiff estimates the time necessary for trial to be 14 days.

O. **TRIAL COUNSEL:**

Grace Lea Chang, Li Chen.

P. **INDEPENDENT EXPERT OR MASTER:**

Plaintiff believes that no independent experts or masters under FRCP 53 will be necessary at this time.

Q. **TIMETABLE:**

Please see Exhibit 1 attached hereto.

R. **OTHER ISSUES:**

At this time, Plaintiff does not believe any other issues affecting the state or management of the case are present, but will notify the Court if any such issues arise.

CHANG & LEE

Date: October 6, 2025    By _____
                          Grace Lea Chang, Attorney for
                          Plaintiff, Jesus Flores Rivas

JUDGE JESUS B. BERNAL
EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| **Case No.** | 5:25-CV-00886-JGB-SP | | | |
|---|---|---|---|---|
| **Case Name** | Rivas v. Sumrall, et al | | | |
| Matter | | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
| ☑ Jury Trial or ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: __14__ Days | | | | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday – two (2) weeks before trial date)** | | 30 Days before Trial | | |
| Last Date to Conduct Settlement Conference | | 60 Days before Trial | | |
| Last Date to *Hear* Non–discovery Motions (Monday at 9:00 a.m.) | | October 1, 2027 | | |
| All Discovery Cut–Off (including hearing all discovery motions) | | October 1, 2027 | | |
| Expert Disclosure (Rebuttal) | | | | |
| Expert Disclosure (Initial) | | October 1, 2026 | | |
| Last Date to Amend Pleadings or Add Parties | | Per Code | | |

ADR [L.R. 16–15] Settlement Choice:

☑  Attorney Settlement Officer Panel

☑  Private Mediation

☑  Magistrate Judge

Revised – July 2013                              –7–